OPINION
{¶ 1} Defendant Erie Insurance Group appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, granted in favor of plaintiffs Thomas J. LoCascio, Administrator of the Estate of Faith Ann Yutzy, deceased and Travis R. Yutzy, a minor by his legal guardian Michelle Kiko. Appellant assigns a single error to the trial court:
 {¶ 2} "The Trial Court Erred In Granting Plaintiff's Motion For Summary Judgment And In Denying Erie's Motion For Summary Judgment."
 {¶ 3} The facts are undisputed, and appellant argues the trial court's judgment was incorrect as a matter of law.
 {¶ 4} On May 19, 2000, Faith Ann Yutzy was killed and her two children injured as a result of an automobile collision at the intersection of Shepler Church and Richville Drive, in Perry Township, Stark County, Ohio. At the time of the accident, decedent was employed by Rosemary Park, Ltd. The trial court found that at all times pertinent to the case, Rosemary Park, Ltd., was an Ohio Limited Liability Company. Appellant insured Rosemary Park Ltd. with a commercial auto policy. The trial court found the declarations page of the policy incorrectly lists the owners, Wyckliffe J. Howland and Deborah J. Howland, dba Rosemary Park, indicating a partnership. The court found there was never a Rosemary Park or dba Rosemary Park in existence. The court found the only entity which existed for appellant to insure was Rosemary Park, Ltd., an Ohio Limited Liability company.
 {¶ 5} The trial court correctly found in Ohio both limited liability companies and corporations are separate legal entities, citing former R.C. 1705.01 and Agle v. Tracy, 87 Ohio St.3d 265, 1999-Ohio-61 ,719 N.E.2d 951. The trial court concluded limited liability companies, like corporations, fall within the Supreme Court's holding in ScottPontzer v. Liberty Mutual Fire Insurance Company , 85 Ohio St.3d 660,1999-Ohio-292 , 710 N.E.2d 1116 and Esawa v. Yasuda Fire MarineInsurance Company , 86 Ohio St.3d 557, 1999-Ohio-124 , 715 N.E.2d 1142. The trial court concluded appellees were entitled to UM/UIM coverage under appellant's policy.
 {¶ 6} Appellant presents the application for insurance coverage which lists the name of the applicant as Wyckliffe J. Howland, dba Rosemary Park. On the line for applicant's signature, Wyckliffe J. Howland signed in cursive and on the line marked "title" is printed the word partner. From this, appellant argues it did not issue any policy to the limited liability company, but to the non-existent partnership.
 {¶ 7} Appellees respond even if the application was flawed, the analysis should be the same. The Rosemary Park business entity is the entity the parties intended to insure. Rosemary Park is a limited liability company, even if Wyckliffe J. Howland is a stake holder in it. Further, the application notes that there are a number of employees. From this, appellees argue it is clear the application was intended to insure a business entity, and not individuals in a partnership.
 {¶ 8} Appellant has failed to come forward with any evidence its situation would have been different if Rosemary Park, Ltd. had been a partnership. The insurance company does not argue, for example, the premiums would have been different, or it might have refused coverage if it knew the application contained misinformation.
 {¶ 9} We find the trial court did not err when it concluded appellant insurance company insured Rosemary Park, Ltd., a limited liability company. The trial court correctly found appellees were entitled to make a claim against it.
 {¶ 10} The assignment of error is overruled.
 {¶ 11} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Farmer, and Wise, J., concur